Del.]          WRIGHT vs. WILMINGTON CITY RY. CO.          141

Syllabus.—Statement.

## JOHN W. WRIGHT *vs.* WILMINGTON CITY RAILWAY COMPANY.

New Castle County, November Term, 1895.

**Pleading. Release.**—To a plea of release, the reply must be *non est factum*, if the execution is denied, or that it was obtained by fraud or duress if that is the defense relied on.

**Same.**—When a release is pleaded, a special replication is required, and if the plaintiff elects to stand upon the general entry of replications and issues, he can introduce no evidence against the release, the mere proof of the execution of which entitles the defendant to a nonsuit.

**Master and Servant. Pleading. Evidence.**—In an action for damages received by an employe by reason of defective appliances, the specific defects relied on must be alleged and the proof will be confined to them.

**Practice. Special Jury.**—Where a special jury was asked for by the defendant, and a nonsuit was granted, upon grounds which prevented a trial on the merits, the cost of the jury will not be taxed against the plaintiff, since the trial did not disclose whether it was a case proper to be tried by a special jury.

This was an action on the case, brought by an employe of the Wilmington City Railway Company, to recover damages for injuries sustained while engaged in his duties as motorman. The narr contained three counts. The first contained an allegation of negligence generally. The second and third alleged negligence by the defendant company, in that it failed to provide "safe and suitable tracks, rails, frogs and other appliances on Eleventh Street Bridge." The pleas were not guilty and release.

At the trial, a witness was asked the following questions: "Was the current defective on that bridge?" "In what condition was the angle-rod?"

To those questions, *Saulsbury*, for the defendant, objected as

Questions of Evidence.

being irrelevant under the issues raised by the pleadings in the case.

*P. L. Cooper, Jr.,* for the plaintiff. It seems that we have a right to show any defective appliances. The narr might have been bad, had exceptions been taken to its being too general, but the defendant has waived that. When plaintiff has alleged negligence generally and gone to trial without exceptions, the Courts have permitted any grade of negligence to be shown; *Spurlock vs. Missouri & Pacific Railroad Company,* 6 S. W. Rep. 349.

LORE, C. J. When you allege negligence, you must aver what that negligence was and when you specify defects, as you do here, you cannot go outside of them. The objection was sustained.

*Saulsbury,* for the defendant, called Harvey B. Vandegrift, Claim Agent of the defendant company, and after proving by this witness the due execution of a release from John W. Wright, the plaintiff, to the defendant for all injury or damage he may have received while in the employ of the said defendant up to and including the time of this accident, the said paper was offered in evidence.

*Cooper,* for the plaintiff, stated that the release offered in evidence is not the release of the plaintiff and that it will go in evidence subject to any evidence the plaintiff may have in rebuttal.

THE COURT (LORE, C. J.). The paper is in evidence.

*Saulsbury,* for defendant, here read the paper writing release, just offered and admitted in evidence to the jury.

THE COURT (LORE, C. J.). You have taken issue generally on that paper in your replication?

*Mr. Cooper.* Yes, sir; we take issue on that paper.

THE COURT (LORE, C. J.). You say it is not your release. What do you mean by that? Do you mean that it was obtained by fraud or duress?

*Mr. Cooper.* We have a sufficient defence to that release.

Our defence to that release is, if this was the paper that the plaintiff signed, it was procured by fraud.

THE COURT (LORE, C. J.). You have not pleaded that. The simple question for us is, whether this paper was signed by this man Wright? To a plea of release the reply must be *non est factum,* or that it was obtained by fraud or duress. It has been ruled again and again that to a plea of release there must be a special replication of fraud or duress, if you rely upon it, or of *non est factum* if you deny the execution. You have pleaded neither.

*Mr. Cooper.* The defendant, in pleading to the declaration in this case, pleaded a release. To that plea, I refused to put in any replication unless the plea was drawn out, for I had endeavored to discover what this release might be, and my learned friend drew out his plea. From his plea here, it appears, in substance, that on a certain day he signed a release, but it does not set forth the body of the release or the exact words in it.

THE COURT (LORE, C. J.). But you took issue.

*Mr. Cooper.* Yes; I took issue on that.

THE COURT (LORE, C. J.): Then you waived further particulars.

*Mr. Cooper.* The Courts have held that it was not a release if procured by fraud—that it is not a matter of confession.

THE COURT (LORE, C. J.). That is admitted. If procured by fraud or duress, it is not a release, but in order to get in evidence of fraud or duress you must set forth that it was procured by fraud or duress, which ever you stand upon. You are shut out from that evidence.

*Mr. Cooper.* If the Court think I am unable to do that, I have a motion to make. As I have stated, we have been unable to discover what this paper is. Of course, we expected that counsel would produce some paper, but the paper has not been produced which we expected to see.

THE COURT (LORE, C. J.). You cannot do that, because

Questions of Evidence.

when you demanded that the plea of release should be drawn out fully and formally, you had a right to stand upon it, and if he did not so draw it out, you were not bound to plead. Upon application to this Court, we would have compelled him to draw it out within the terms of the law, in order that you might intelligently plead, but you have waived it—you expressly waive all right to have it further drawn out.

*Mr. Cooper.* What does a general replication to a plea of release show ?

The Court (Lore, C. J.). A release is a special plea and the replication must be special, there is no general issue in such case. Here is a release proved by a subscribing witness to it, who signed it as an attesting witness. There is the paper. The *factum* is proved. You say you can disprove it. How can you disprove it? You cannot do it under that plea. You might do so, if you had pleaded *non est factum* or fraud or duress. If a man signs a paper and a witness attests it—it is his signature.

*Mr. Cooper.* That he denies.

The Court (Lore, C. J.). Under a proper plea you cannot do so unless this is not his signature. That has been the uniform rule of the Courts in this State. It has been decided again and again to my knowledge, and I have never heard it disputed by the older lawyers when I came to the bar, who lived pretty near as long as the laws of the State of Delaware have been in existence. There is no general replication to a plea of release; it must be special. Under your pleading, you have not put yourself in a position to deny that paper, and it disposes of your case.

*Mr. Cooper.* I make a motion that we be permitted, under the provisions of the Revised Code, at this time, to amend the replication to that plea.

This question has been raised in this Court a number of times. It was raised by counsel in the Lycoming Fire Insurance Company cases, and was permitted by the Court. It was also permitted in this Court in the case of *Townsend, Admr. of Webb, vs. Commonwealth Beneficial Association,* tried in this Court within

Del.]          WRIGHT vs. WILMINGTON CITY RY. CO.          145

Opinion.

the last two weeks.    I take it that there is no option, except upon
the terms to the Court's allowing amendments.    Rev. Code 848, §§
11 and 14; *Beebe vs. Receivers of Walton & Whann Company*, 7
Houst. 474.

We wish to amend the replication by putting in two special
counts in the replication—fraud and *non est factum*.

*Mr. Saulsbury.*    I don't believe, under proper practice, he
could put in more than one replication to the plea.    This very
question has been decided in almost exactly the same case, in this
Court.

THE COURT (LORE, C. J.).    We understand that he wishes
to reply the one that is most appropriate to the fact; of course he
cannot reply both.

*Mr. Saulsbury.*    Of course, your Honors can see that the sec-
tions read from the Revised Code relate to variance.    There is no
variance here.

I think it is only necessary for me to cite to your Honors the
case of *Woolman & Sullivan vs. Zebley & Morris*, 1 Houst. 459.

THE COURT (LORE, C. J.).    The plaintiff is too late in mak-
ing this application, unless the defendant waives ; there is no ques-
tion about it.    The statute is very broad, but there are limitations,
and they have been recognized through our reports.    For instance,
you cannot amend by pleading anything that does not go to the
merits, such as statute of limitations.    We have had decisions of
that kind and others.    But there is a further limitation as to the
time of filing certain pleas or replications.    This plea was generally
pleaded.    You did not put in the proper replication ; you waived
it—and that is one ground upon which the courts have held that
it is too late; that is, after waiver.    But the case cited by the coun-
sel for the defendant is in point, covering the precise principle.
After the plaintiff has rested under the pleading and the defendant
has put in his evidence on that point—which is the case here—it is
too late on the part of the plaintiff to ask leave to amend.

We shall have to instruct the jury to bring in a verdict for
the defendant, under the proof in this case.

Gentlemen of the Jury. Under the proof in this case, we instruct you to find a verdict for the defendant; the plea of release was proper, and there being no proper pleadings which enable the plaintiff to show that that release is not his release.

Your verdict will, therefore, be for the defendant.

The Prothonotary proceeded to call the jury, and asked them if they had agreed upon their verdict; after receiving an affirmative reply, he next called the plaintiff, John W. Wright, who did not answer.

LORE, C. J. Let a non-suit be entered.

*Mr. Saulsbury* subsequently made a motion that the costs of the special jury be taxed upon the plaintiff.

THE COURT (LORE, C. J.): We must refuse your motion. Before the expenses of a special jury could be taxed as costs at all, this Court would have to decide under the statute, that it was a case proper to be tried by a special jury. As this case went off on pleadings, and was not tried fully on its merits, we do not feel called upon to say that it is a proper case to be tried by a special jury. Special juries are luxuries which the parties may indulge in at their own risk, but the Court will not tax the expense thereof against the adverse party, unless the circumstances of the case are such as to show practically that the process of the Court had been abused or prostituted in the bringing of the suit.

*Artemus Smith* and *P. L. Cooper, Jr.,* for plaintiff.

*Willard Saulsbury* for defendant.